IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00260-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| SUDAMA LEROY GIBBONS (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motions of the defendant pro se for a reduction of sentence based on the First Step Act of 2018. (Doc. Nos. 38, 39).

The defendant pled guilty to possessing of a firearm as a felon (Count One), possessing with intent to distribute 50 grams or more of cocaine base and cocaine (Count Two), and possessing a firearm in furtherance of a drug trafficking offense (Count Three). (Doc. No. 13: Acceptance and Entry of Guilty Plea). Combined with his prior drug trafficking conviction, (Doc. No. 12: 21 U.S.C. § 851 Notice), the statutory range of punishment for Count Two was 240 months to life imprisonment. (Doc. No. 41: Supplement to Presentence Report (PSR) at 1). At the sentencing hearing, the Court found the defendant to be a Career Offender and sentenced him at the low end of the advisory guideline range to 120 months on Counts One, 262 concurrent months on Count Two, and 60 consecutive months on Count Three, for a total of 322 months' imprisonment, followed by 10 years' supervised release. (Doc. No. 17: Judgment at 2-3; Doc. No. 41: Supplement to PSR at 1).

Under the First Step Act, the Court has discretion to impose a reduced sentence as if the Fair Sentencing Act of 2010 had been in place at the time the

original offense was committed. First Step Act of 2018, Pub. L. 115-135, § 404 (2018). Here, the defendant's admitted drug quantity of 50 grams or more of cocaine base, combined with his prior drug trafficking conviction, would still be punishable by up to life imprisonment under the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B) (2010), resulting in the same advisory guideline range as used in the original sentencing hearing, USSG §4B1.1. (Doc. No. 41: Supplement to Presentence Report (PSR) at 2).

Accordingly, the Court will not exercise its discretion to reduce his sentence. Sections 404(b) and (c) of the Act specify that a court "may," but is not required to, impose a reduced sentence. The Court has considered the self-improvement courses completed by the defendant while incarcerated, (Doc. No. 41: Supplement to Presentence Report at 3; Doc. Nos. 38, 39: Exhibits A-C; ), but finds they do not mitigate the defendant's alarming criminal history, which began at age 16 with a conviction for second degree murder, resumed after he completed parole with drug trafficking, and culminated with the instant offense which involved the dangerous combination of firearm possession while possessing drugs with intent to distribute. (Presentence Report at 4-5, 9-10). Thus, the Court continues to find that a sentence of 322 months' imprisonment, followed by 10 years' supervised release, is sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a), for the reasons stated at the sentencing hearing. (Doc. No. 40: Sent. Hr'g Tr. at 11-13).

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. No. 38, 39), are **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 27, 2019

Robert J. Conrad, Jr.
United States District Judge